UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUIVONNE LITTLEJOHN #141899,

    Plaintiff,

v.                                                                                          Case No. 2:17-cv-00143

                                                                                            Hon. Robert J. Jonker

L. HEINRITZ, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by state prisoner Juivonne Littlejohn pursuant to 42 U.S.C. § 1983.  Plaintiff was confined at the Baraga Correctional Facility (AMF) at the time he filed his complaint.  The court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Defendants move for an order to revoke Plaintiff's *in forma pauperis* status.  (ECF No. 12).  Plaintiff filed a response.  (ECF No. 15).  Defendants filed a reply.  (ECF No. 16).

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.*  For

example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), the Sixth Circuit set forth the following general requirements for a claim of imminent danger: In order to

2

allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Id.* at 585. A prisoner's claim of imminent danger is subject to the same notice pleading requirement that applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff has had at least three prior civil suits dismissed on the ground of frivolousness or failure to state a claim upon which relief may be granted. *See Littlejohn v. Green*

3

*et al.*, No. 2:07-cv-213 (W.D. Mich. Jan. 16, 2008); *Littlejohn v. McGinnis*, No. 2:98-cv-243 (W.D. Mich. Apr. 5, 1999); *Littlejohn v. Alexander*, No. 2:91-cv-244 (W.D. Mich. Nov. 27, 1991); *Littlejohn v. Houseworth*, No. 2:91-cv-255 (W.D. Mich. Mar. 25, 1992). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Plaintiff has been denied leave to proceed *in forma pauperis* due to the fact that he has three strikes in *Littlejohn v. Tribley*, No. 2:10-cv-26 (W.D. Mich. Aug. 26, 2010); *Littlejohn v. Dube*, No. 2:10-cv-42 (W.D. Mich. Sept. 3, 2010); and *Littlejohn v. Caruso*, No. 2:10-cv-316 (W.D. Mich.  Mar. 1, 2011).  In each of these cases Plaintiff alleged that he suffered physical harm as a result of the Defendants conduct.  Therefore, Plaintiff's allegation of past harm failed to show that he was in imminent danger of serious physical injury at the time he filed his complaint.

In this case, Defendants argue that Plaintiff failed to allege that he was in imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff alleges that Defendants were told that there is an "impending serious threat of harm that would soon happen if he is placed at AMF, MBP, ICF."  (ECF No. 1, PageID.3).  Plaintiff asserts that he provided a deposition in *Littlejohn v. Heinritz*, No. 2:11-cv-220 (ECF No. 15-1, PageID.85-88) detailing the threat of harm.  Plaintiff has been "jumped" on three prior occasions by gang members and has received threats from gang members.  Plaintiff alleges that he "received threatening kites that I will be 'got' which means soon, that they are planning, plotting to harm me.  These attacks are going to happen, near at hand, could occur any day ready to happen, and the Defendants knew or should of known it would as the documentation is in their files."  (PageID.4).

Plaintiff made nearly identical allegations in *Littlejohn v. Tribley*, 2:10-cv-26, and in *Littlejohn v. Caruso*, 2:10-cv-316.  The court vacated Plaintiff's *in forma pauperis* status in both cases, noting that concerns about past threats of danger regarding assaults from prisoners were insufficient to invoke the imminent danger exception to the three-strike rule.  The court explained:

> In the instant complaint, Plaintiff alleges that he was involved in serious conflicts with a gang while at Marquette Branch Prison (MBP). Despite Plaintiff's request not to be transferred to Baraga Maximum Correctional Facility (AMF) because of gang members at AMF, prison officials transferred Plaintiff to administrative segregation at AMF, in order to protect him from threats. When Plaintiff complained to prison officials about his placement at AMF, he was threatened with being locked up in administrative segregation indefinitely. Plaintiff states that he told Defendants that he would be in serious danger of harm if he was released in the general population at AMF or if he was transferred to the general population at MBP as many of the gang members reside at those prisons. On January 20, 2010, Plaintiff was transferred back to MBP. Two days later, Plaintiff was assaulted by a prisoner. It appears that prison officials then ordered Plaintiff to administrative segregation but denied his request to be transferred to another prison. Plaintiff complains that gang members are in the same administrative segregation unit as him and have threatened him with harm. Plaintiff states that those prisoners have access to him in the hallways, shower and during yard time.
>
> Many of Plaintiff's allegations concern past events, i.e., threats at AMF and an assault at MBP. A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Rittner*, 290 F. App'x at 797-98 (citation omitted). Moreover, several of Plaintiff's allegations pertain to events that occurred at AMF, a facility other than his current place of incarceration. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (finding that a complaint against Oklahoma defendants did not satisfy the imminent danger exception when plaintiff was housed in a Connecticut prison.) Plaintiff finally alleges that he is fearful of threats by certain prisoners in MBP administrative segregation. Administrative segregation is the most restrictive level of security classification. MICH. DEP'T OF CORR., POLICY DIRECTIVE 04.05.120, ¶L (effective Sept. 27, 2010). Further, prisoners in administrative segregation are not permitted recreation or religious

5

>and educational programming in a group setting. *Id.*, ¶W. Because Plaintiff is not allowed recreation in a group setting, the other prisoners who have threatened him would not have access to him during yard time. The other inmates would also not have access to Plaintiff in the hallways or showers as administrative segregation is the most restrictive level of security classification. Plaintiff therefore fails to allege that the prisoners' threats constitute "imminent danger" under 28 U.S.C. § 1915(g). Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule.

*Littlejohn v. Caruso*, 2:10-cv-316 (Opinion Mar. 1, 2011, ECF No. 7, PageID79-80).

Plaintiff has made almost identical allegations in this case.  Plaintiff has alleged that he has been threatened and assaulted in the past, and that the threats continue.  Plaintiff asserts that he cannot be housed in Marquette, Baraga, and Alger prisons.  Past threats of harm fail to show imminent danger of harm.  Plaintiff resided in administrative segregation at the Baraga Correctional Facility at the time he filed his complaint.  Plaintiff was housed in the most restrictive level of security classification where other prisoners did not have access to him.

In the opinion of the undersigned, Plaintiff has failed to allege facts which could show that he was under imminent danger of serious physical injury at the time he filed his complaint.

Therefore, it is recommended that the Court grant Defendant's motion to revoke Plaintiff's *in forma pauperis* status (ECF No. 12).

It is further recommended that the Court order that Plaintiff has twenty-eight (28) days to pay the entire civil action filing fee, which is $400.00.  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

         /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   September 13, 2018